# United States District Court
## Western District of Wisconsin

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** <br> (for offenses committed on or after November 1, 1987) <br> Re-Sentencing |
| V. | **Case Number:** 09-CR-115-C-01 |
| LESUIN JOEL GARCIA <br> (a/k/a Lesvin Garcia and Solo) | **Defendant's Attorney:** Mark Maciolek |

The defendant, Lesuin Joel Garcia, pleaded guilty to counts 11 and 12 of the indictment.

Counts 13 and 14 of the indictment are dismissed on the motion of the United States.

**ACCORDINGLY**, the court has adjudicated defendant guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§ 1344 and 2 | Bank Fraud (Aiding and Abetting), Class B felonies | March 16, 2009 | 11 & 12 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

| | | | |
|---|---|---|---|
| **Defendant's Date of Birth:** | September 19, 1988 | | June 15, 2010 |
| | | | Date of Imposition of Judgment |
| **Defendant's USM No.:** | 06932-090 | | |
| **Defendant's Residence Address:** | c/o Socorro Garcia (father) <br> 3734 Wharton Drive <br> Nashville, TN 37211 | | /s/ Barbara B. Crabb |
| **Defendant's Mailing Address:** | c/o Bureau of Prisons | | Barbara B. Crabb <br> District Judge |
| | | | June 15, 2010 |
| | | | Date Signed: |

# IMPRISONMENT

As to counts eleven and twelve of the indictment, it is adjudged that defendant is committed to the custody of the Bureau of Prisons for imprisonment for a term of ten months on each count, with the terms to run concurrently. The sentence itself is to run concurrently with the remainder of defendant's state sentence in Grayson County, Kentucky, Circuit Court case number 09-CR-48, starting from the date of his initial sentencing on January 26, 2010.

The probation office is directed to send the U.S. Department of Homeland Security - Bureau of Immigration and Customs Enforcement a copy of this judgment and is to provide the court a copy of the transmittal letter.

# RETURN

**I have executed this judgment as follows:**

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____

Deputy Marshal

# SUPERVISED RELEASE

The term of imprisonment is to be followed by a three-year term of supervised release on each count, with the terms to run concurrently.

Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

Defendant shall not commit another federal, state, or local crime.

Defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm, destructive device, or other dangerous weapon while on supervised release.

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

In light of the nature of the offense and defendant's history and characteristics, I adopt the six special conditions of supervision set out in the presentence investigation report. Neither party has objected to these conditions.

1) Spend the first 60 days of his supervision in a residential reentry center with work release privileges if he is not deported and has not been granted prerelease placement in a residential reentry center;

2) Comply with the rules and regulations of the U.S. Immigration and Customs Enforcement under the United States Department of Homeland Security and if deported or excluded from the United States, either voluntarily or involuntarily, not reenter the United States without legal permission. If reentry into the United States occurs, defendant shall report to the nearest probation office within 72 hours;

3) Register with local law enforcement agencies and the state attorney general, as directed by the supervising U.S. probation officer;

4) Provide the supervising U.S. probation officer any and all requested financial information, including copies of state and federal tax returns;

5) If not employed at a regular lawful occupation, perform up to 20 hours of community service each week and participate in training, counseling, daily job search or other activities relating to finding or preparing for employment, all as directed by the probation officer; and

6) Submit his person, property, residence, office or vehicle to a search conducted by a U.S. probation officer at a reasonable time and in a reasonable manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises he is occupying may be subject to searches pursuant to this condition.

Although this offense is not drug related, mandatory drug testing as set forth at 18 U.S.C. § 3583(d) for supervision cases is not waived. Defendant shall submit to one drug test within 15 days of his release from custody and at least six periodic tests thereafter.

# STANDARD CONDITIONS OF SUPERVISION

1) Defendant shall not leave the judicial district without the permission of the court or probation officer;

2) Defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) Defendant shall support his or her dependents and meet other family responsibilities;

5) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician;

8) Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm defendant's compliance with such notification requirement.

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 11 | $100.00 | $0.00 | $27,614.74 |
| 12 | $100.00 | | |
| **Total** | $200.00 | $0.00 | $27,614.74 |

It is adjudged that defendant is to pay a $200 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing.

Defendant does not have the means to pay a fine under § 5E1.2(c) without impairing his ability to support himself and pay restitution in this case.

Defendant does not have the means to pay a fine under § 5E1.2(c) without impairing his ability to support himself and make restitution in this case.

# RESTITUTION

Defendant is to pay restitution in the amount of $27,614.74 to the U.S. Clerk of Court for the Western District of Wisconsin for disbursement as indicated below:

| | |
|---|---|
| First National Bank<br>Attn: Thomas Pechacek<br>501 7th Street<br>Rockford, IL 61104 | $9,836.71 |
| Leitchfield Deposit Bank<br>P.O. Box 188<br>Leitchfield, KY 42755 | $10,748 |
| Wilson and Muir Bank and Trust<br>P.O. Box 346<br>Leitchfield, KY 42755 | $7,030.03 |

Defendant's restitution obligation is joint and several with that of Jose Herman Jimenez Betancourt and Oscar Leonel Rodriguez. He does not have the economic resources to allow him to make full payment of restitution in the foreseeable future under any reasonable schedule of payments. Under 18 U.S.C. § 3664(f)(3)(B), he is to begin making nominal payments of a minimum of $250 each month within 30 days of his release from custody. Defendant is to be given credit towards restitution paid to the banks in Kentucky in Grayson County, Kentucky, Circuit Court case number 09-CR-48. No interest is to accrue on the unpaid portion of the restitution obligation.

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

        (1) assessment;
        (2) restitution;
        (3) fine principal;
        (4) cost of prosecution;
        (5) interest;
        (6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.